UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Cary Ratner

    v.                          Civil No. 08-cv-418-PB

Martel Electronics Corporation


**O R D E R**

Defendant moves to compel more complete answers to its interrogatories 1-7 and 9-11 and to compel production of documents responsive to Request nos. 1-5, 7-9, and 12-43. Plaintiff objects.

**Background**

This is a patent infringement case in which plaintiff appears pro se. At the preliminary pretrial it was apparent that this was an appropriate case for limited, focused discovery to be followed by a prompt mediation. Plaintiff was concerned that the defendant would not limit discovery to that necessary for mediation and would not mediate in good faith. The number of alleged infringing products produced is less than 1,000. Given a prior settlement for infringement, the amount in dispute appears to justify significant mediation effort. I offered the parties

the opportunity to enlist the services of David Plant, Esq., an extraordinarily able and nationally acclaimed intellectual property mediator.  The parties agreed to mediation but are now in dispute about discovery defendant alleges is necessary for meaningful mediation.  The parties are forewarned that having enlisted the court's mediation plan that a failure to mediate in good faith may well result in severe sanctions.  Rulings on the discovery disputes follow.

## Rulings

Defendant Martel has argued only interrogatories #3 and #6 specifically.  It has essentially left the court to rule on all other contested answers based solely upon the face of the question and response.

## Interrogatories

**Interrogatory No. 1.**

"Please identify your claim construction for the 152' patent including any intrinsic or extrinsic evidence that you believe supports your construction."

**Answer:**  "The 152' Design Patent speaks for itself."

**Ruling:**  This is a remarkable interrogatory.  It seeks a legal brief on all the claims of the patent – from a non-lawyer pro se plaintiff.  The answer is adequate in that plaintiff's

position is that the language of the claims is sufficient in and of itself.  The motion is denied as to No. 1.

**Interrogatory No. 2.**

"Please identify the factual basis for your contention that Martel infringes the 152' patent under the ordinary observer test, including the level of skill and experience of and ordinary observer and all instances of confusion relating to the Accused Products of the 152' patent."

**Answer:**  "The handles on the Martel Pumps are a copy of the handles described in the 152' patent."

**Ruling:** (1) "The ordinary observer test" calls for a legal analysis and is improper and inappropriate.  Ignoring the legal doctrine as the <u>pro se</u> plaintiff did, the answer, which is consistent with the complaint, is adequate.  Motion denied.

**Interrogatory No. 3.**

"For the design claimed by the 152' patent, please identify the date of conception, reduction to practice, first offer for sale, first sale and first description in a printed publication."

**Answer:** "Respondent Ratner objects on the grounds that this information is already within the Defendants possession, custody and control."

**Ruling:** While defendant has no need for this answer if it

3

already has the information, plaintiff has not shown me that defendant does have it.  Answer the question within ten (10) business days.

**Interrogatory No. 4.**

"Please identify all persons with knowledge regarding the conception and reduction to practice of the invention claimed in the 152' patent, including the preparation and prosecution of the 152' patent."

**Answer:** "Those having knowledge are Seth Ratner, USPTO Examiner Seifert.  Various vendors were consulted, but the Plaintiff has no recollection of the specifics.  With regard to those aiding in the prosecution of the 152' patent, these details are privileged, under the work product doctrine."

**Ruling:** Why defendant needs this information before mediation is a totally unexplained mystery.  The answer appears complete and the motion is denied.

**Interrogatory No. 5.**

"Please identify each person providing information in response to any of the Interrogatories, stating for each what information was provided and the particular to which that information was directed."

**Answer:** "Plaintiff Ratner objects on the ground that the

Interrogatory is unintelligible, vague and ambiguous and the interrogatory is therefore overly broad, and unduly burdensome and oppressive.  Ratner further objects on the grounds that the Interrogatory seeks information neither relevant to the subject matter of the action nor reasonably calculated to lead to discovery of admissible evidence."

**Ruling:** This is another wholly unjustified pre-mediation question.  Nevertheless, since the answer is undoubtedly "plaintiff" he is to answer it within ten (10) business days.

**Interrogatory No. 6**.

"Please identify all communications you have had with any third party regarding the 152' patent or any products that you believe are within the scope of the 152' patent, including but not limited to the Accused Products, including the date(s) of each communication, whether the communication was oral or in writing, and the identity of all individuals involved."

**Answer:** " Plaintiff Ratner objects on the grounds that the Interrogatory is unintelligible, vague and ambiguous and the interrogatory is therefore overly broad, and unduly burdensome and oppressive.  Ratner further objects on the grounds that the Interrogatory seeks information neither relevant to the subject matter of the action nor reasonably calculated to lead to

5

discovery of admissible evidence Subject to his general and specific objections and without waiving said objections, and reserving the right to supplement and to amend his response, Ratner responds as follows: There were numerous conversations with Seth Ratner, Cease and Desist letters to Martel, Fluke and Martel Distributors."

**Ruling:** Motion denied.  Incredibly overbroad and with no showing of relevance.

**Interrogatory No. 7.**

"Please identify each and every oral or in writing infringement opinion, expert opinion, technical opinion, legal opinion, or prior art search relating the '152 patent or the design covered under the '152 patent."

**Answer:** "Numerous parties, including Barbara Hulit, Rick Pirret of the Fluke Corporation, and Seth Ratner.  Others are protected by attorney privilege."

**Ruling:** Why this information was necessary before mediation is a mystery.  Defendant has not pointed out any inadequacy in the answer.  Motion denied.

**Interrogatory No. 9.**

"For your contention that you have suffered and will continue to suffer damages, please identify your basis for

determining damages and the amount of such damages, including but not limited to all alleged lost sales and profits, profit margin, and lost business relationships and customers."

**Answer**: "The confusing appearance of the infringing Martel product has misled many customers, into believing that the Martel product and in its Fluke configuration, is the same as the one produced by East Hills Instruments.  Its inferior construction, and unreliability has blemished the good name of the products produced by licensee East Hills Instruments, and has limited its sales and license fees.  Whatever sales Martel has had, by using the 152' patent and by later doing a bait and switch in their advertising has hurt the sales of the legitimate products. Martel has made no attempt to stop its distributors from continuing to market and promote the infringing product."

**Ruling**: At this stage of the case, the answer is sufficient. Motion denied.

**Interrogatory No. 10.**

"Please identify any written or oral assignments, grants, conveyances, settlement agreements, contracts, business relationships, or licensing agreements relating to the 152' patent."

**Answer**: "Respondent Ratner objects on the grounds that this

information is already within the Defendants possession, custody and control.  Subject to his general and specific objections and without waiving said objections, and reserving the right to supplement and to amend his response, Ratner responds as follows: With regard to other "business relationships", Plaintiff Ratner objects on the grounds that the Interrogatory is unintelligible, vague and ambiguous and the interrogatory is therefore overly broad, and unduly burdensome and oppressive.  Ratner further objects on the grounds that the Interrogatory seeks information neither relevant to the subject matter of the action nor reasonably calculated to lead to discovery of admissible evidence."

**Ruling**: Plaintiff is to answer as to any assignments or licenses of the patent but the motion is otherwise denied as overbroad.

**Interrogatory No. 11.**

"Identify the basis for any claim that you are making that any of the following design features disclosed in the '152 patent function better than other designs, and explain why each feature functions better than other designs:

(a)  the design of the handle disclosed in the '152 patent;
(b)  the design of the bump on the handle disclosed in the '152

|      |                                                                                       |
|------|---------------------------------------------------------------------------------------|
|      | patent;                                                                               |
| (c)  | the design of the vernier chamber disclosed in the 152 patent;                        |
| (d)  | the design of the bleed valve/vent disclosed in the '152 patent;                      |
| (e)  | the design of the guard/shield covering the bleed valve disclosed in the '152 patent; |
| (f)  | the design of the shuttle valve disclosed in the '152 patent;                         |
| (g)  | the design of the piston chamber disclosed in the 152 patent;                         |
| (h)  | the design of the shaft disclosed in the '152 patent;                                 |
| (i)  | the design of the return spring disclosed in the '152 patent."                        |

**Answer:** "The 152' patent is a design patent covering the ornamental design. Specifics as to the basis of each and every external, ornamental design element were chosen for its ornamental appeal. Plaintiff Ratner objects on the grounds that the Interrogatory is ambiguous and the interrogatory is therefore overly broad, and unduly burdensome and oppressive. Ratner further objects on the grounds that the Interrogatory seeks information neither relevant to the subject matter of the action

nor reasonably calculated to lead to discovery of admissible evidence."

**Ruling**: Defendant has made no showing of relevance. Motion denied.

## Document Requests

In one bare-bones paragraph, defendant baldly states that plaintiff's document request responses are inadequate as to nos. 1-5, 7-9 and 12-43. "The district court is free to disregard arguments that are not adequately developed." Higgins v. New Balance Athletic Shoe, Inc., 194 F. 3d 252, 260 (1st Cir. 1999). Here defendant has not developed any arguments. "It is not the obligation of this court to research and construct the legal arguments open to (defendant), especially when (it is) represented by counsel." Kouthar SDN BHD v. Sternberg, 149 F. Ed 659, 668 (7th Cir. 1998) (citations omitted, cert. denied, 119 St. Ct. 890). Defendant has made absolutely no showing of relevance and the court will not do defense counsel's work for him.

The motion is denied as to all document requests.

The motion (document no. 69) is denied except as to interrogatories 3 and 5. The motion is grossly inadequate. If plaintiff had counsel, fees would be in order under Fed. R. Civ.

P. 37(d). The parties are to exchange the following information within ten (10) days and mediate within thirty (30) days in good faith.

    a.    <u>Martel to Ratner</u>

        1.    Copies of all Martel invoices for the pumps in question, including those contained in "kits" and also sold with calibrators from October 29, 2007 to present. This would include Fluke sales, distributor sales, and direct sales.

        2.    Copies of all vendor invoices and Martel Purchase orders for the molded pump handles in question.

        3.    Copies of all Martel invoices to JM Test, and M&M Controls from October 29, 2007 to present of any pumps, including those contained in "kits" and also sold with calibrators.

        4.    Copies of all Martel web pages containing images of the pumps in question.

        5.    A copy of Martel's product catalog with the pump in question on the cover.

        6.    A copy of the vendor's invoice for printing of the catalog in number 5.

        7.    Manufactured cost of the pumps in question and the

>            selling prices and distributor discounts.
>
>    b.   <u>Ratner to Martel</u>
>
>         1.   USPTO application and correspondence with the
>              patent office.
>
>         2.   Settlement documents with Fluke Corporation;
>
>         3.   Plaintiff's documents sufficient to show the sales
>              price, costs and net profit of the MECP 500 and
>              1000 and the Magnum Pro MVP-600.

The tactic of "running up costs" in this small case will not be tolerated.  Counsel is forewarned.

   **SO ORDERED.**

                            _____
                            James R. Muirhead
                            United States Magistrate Judge

Date: February 20, 2009

cc:   Cary Ratner, pro se
      Brett A. Schatz, Esq.
      Paul D. Creme, Esq.